

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00031-CV

**IN THE INTEREST OF A.C. AND As.C.**, Children

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-PA-00160
Honorable Charles E. Montemayor, Associate Judge Presiding

Opinion by:   Luz Elena D. Chapa, Justice

Sitting:      Catherine Stone, Chief Justice
              Sandee Bryan Marion, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed:  May 21, 2014

AFFIRMED

Leslie P.'s parental rights to two children—ten-year-old A.C., and one-year-old As.C.—were terminated after a trial to the court.  In support of the order of termination, the trial court found that Leslie P. constructively abandoned the children and failed to comply with the provisions of her service plan after the children were removed for abuse or neglect, and that termination was in the best interest of the children.  *See* TEX. FAM. CODE ANN. 161.001(1) (N), (O), (2) (West Supp. 2013).  On appeal, Leslie P. challenges only the legal and factual sufficiency of the evidence to support the trial court's finding that termination of her rights is in the children's best interest.  We hold the evidence is sufficient and affirm the termination order.

**APPLICABLE LAW**

A trial court may terminate the parent-child relationship only if it finds by clear and convincing evidence (1) one of the statutory grounds for termination and (2) that termination is in the child's best interest. *Id.* § 161.001. In making a best-interest determination, the factfinder looks at the entire record and considers all relevant circumstances. *See In re C.H.*, 89 S.W.3d 17, 27-29 (Tex. 2002). The Texas Supreme Court has enumerated some factors that may be relevant in ascertaining the best interest of a child:

- the desires of the child;
- the emotional and physical needs of the child now and in the future;
- the emotional and physical danger to the child now and in the future;
- the parental abilities of the individuals seeking custody;
- the programs available to assist these individuals to promote the best interest of the child;
- the plans for the child by these individuals or by the agency seeking custody;
- the stability of the home or proposed placement;
- the acts or omissions of the parent which may indicate that the existing parent-child relationship is a proper one; and
- any excuse for the acts or omissions of the parent.

*Holley v. Adams*, 544 S.W.2d 367, 372 (Tex. 1976). This list of factors is not exhaustive, and not every factor must be proved to find that termination is in the child's best interest. *In re C.H.*, 89 S.W.3d at 27. Evidence establishing one of the grounds for termination under section 161.001(1) may also be probative in determining the child's best interest. *Id.* at 28. Although the mere fact that an act or omission occurred in the past does not establish that termination is currently in the child's best interest, a parent's past conduct is probative of her future conduct when evaluating the child's best interest. *See In re O.N.H.*, 401 S.W.3d 681, 684 (Tex. App.—San Antonio 2013, no pet.).

**THE EVIDENCE**

Texas Department of Family and Protective Services case worker Kim Hubbard was the only witness to testify at trial. Hubbard testified the Department began its investigation in this

case in June 2012, when it was notified that As.C. had tested positive for cocaine and opiates at birth. As.C. and his older sister were placed with their paternal grandmother, and the Department offered services to the parents in an effort to keep the children safe and to keep the family together. Hubbard testified that the parents would not participate in the offered services, so in January 2013, the Department filed a petition seeking conservatorship and to terminate the parents' rights.

Hubbard testified that a plan was prepared for Leslie P., designed to provide services that would eliminate the concerns that brought the children into the Department's care. Leslie P. was required to submit to a drug assessment and complete a drug treatment program, but did neither. She was assigned a therapist on two occasions; each time she was discharged for failing to attend counseling sessions. Leslie P. was required to participate in a domestic violence class because of a history of domestic violence between her and the children's father; however, she attended only four of eight required classes. Hubbard testified that Leslie P. had not provided evidence that she had completed any of the services offered and required by the plan.

Hubbard also testified that Leslie P. had not shown she could provide the children a safe and stable living environment. At the time of trial, Leslie P. was living in a hotel and had not provided any evidence to Hubbard that she had a stable job. She was living with the children's father, who also failed to complete any part of his service plan and also did not have a stable job.

Hubbard testified that Leslie P. missed about half of the scheduled visits with her children and that Leslie P. arrived late when she did attend. Hubbard was not questioned any further about the children's relationship with or interactions with their mother.

The children have lived with their paternal grandmother since the middle of 2012. Hubbard testified the children's grandmother is able to care for them and is a suitable candidate for permanent adoptive placement. Hubbard, the CASA volunteer, and the attorney ad litem for the

children all stated their opinion that termination of Leslie P.'s parental rights is in the children's best interest.

## DISCUSSION

On appeal, Leslie P. contends there was no evidence about many of the *Holley* factors and that the trial court "ignored" them in reaching its conclusion. She asserts there was no evidence presented at trial about the children's desires, Leslie P.'s parenting abilities, the plans for the children, the children's current and future emotional and physical needs, or any improper relationship. She further contends there is no evidence she ever physically harmed the children or that she poses any risk of emotional or physical danger to the children. Leslie P. argues that this lack of evidence renders the evidence insufficient to support the best interest finding.

We agree with Leslie P. that there was no evidence at trial about the desires of the children and there was little evidence about plans for the children beyond the Department's intent to pursue adoption by their paternal grandmother. However, there need not be evidence on each of the *Holley* considerations for the factfinder to form a "strong conviction or belief that termination is in the child's best interest, particularly in the face of undisputed evidence that the parental relationship endangered the safety of the child." *In re D.S.*, 333 S.W.3d 379, 384 (Tex. App.— Amarillo 2011, no pet.) (citing *In re C.H.*, 89 S.W.3d at 27). Here, there was undisputed evidence that Leslie P.'s drug use resulted in her child being born with evidence of cocaine and opiates in his system. The evidence also established that Leslie P. failed to submit to a drug assessment or to attend and complete a drug treatment program, as required by her service plan. Leslie P.'s use of controlled substances harmed her child and her unwillingness to address her drug usage is evidence that she remains a current and future danger to the children's well-being.

Leslie P. also complains that the Department did not present any evidence of what the children's needs are, and thus no evidence that she is unable to meet them. We do not believe any

direct evidence is required for the trial court to find that children's physical and emotional needs include stable housing and a caretaker who can provide some minimal degree of financial security. Here, neither Leslie P. nor the children's father had provided the Department any proof of stable housing or employment. At the time of trial, Leslie P. was living in a hotel. The evidence supports a finding that she is unable to meet the children's needs.

After reviewing the entire record, we conclude a reasonable trier of fact could have formed a firm belief or conviction that it is in the children's best interest to terminate Leslie P.'s parental rights. *See In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002); *In re C.H.*, 89 S.W.3d at 25. We therefore hold the evidence is both legally and factually sufficient to support the trial court's best interest finding, and we affirm the trial court's order.

Luz Elena D. Chapa, Justice